Huang v. Holder

BIA
Poczter, IJ
A200 927 655

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand fourteen.

PRESENT:
      RALPH K. WINTER,
      ROSEMARY S. POOLER,
      RAYMOND J. LOHIER, JR.,
         *Circuit Judges.*

_____

JUN YING HUANG,
      *Petitioner,*

      v.               12-4536
                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Ning Ye, Flushing, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jun Ying Huang, a native and citizen of China, seeks review of an October 18, 2012, decision of the BIA affirming an April 15, 2011, decision of an Immigration Judge ("IJ"), denying Huang's application for asylum and withholding of removal. *In re Junying Huang*, No. A200 927 655 (B.I.A. Oct. 18, 2012), *aff'g* No. A200 927 655 (Immig. Ct. N.Y. City Apr. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Huang did not allege past persecution, she was required to demonstrate a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To meet her burden, Huang had to "make some showing that authorities in

[her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). The agency reasonably found that Huang did not meet this standard.

There is no evidence that authorities in China are aware of Huang's practice of Christianity in this country, and she testified that, in China, she intended to worship at home, conceding that persecution was unlikely if she practiced in this manner. Relying on cases from other circuits, Huang contends that restricting her religious practice, itself, constitutes persecution. We need not address this issue because, as the agency concluded, Huang has not demonstrated that her fear of attending an unregistered church is objectively reasonable in her home province.

The agency reasonably determined that China's treatment of unregistered churches varies by region, and Huang points to no evidence addressing the treatment of unregistered churches in her home region of China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (providing that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

3

Huang contends that the agency should have considered whether she would face persecution in China as a whole, but she does not allege that, if returned to China, she will go somewhere other than her home province. Moreover, in light of the regional variations in the treatment of unregistered churches, the agency's requirement that she show a likelihood of persecution in her home region was reasonable. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149-50, 159-60, 165 (2d Cir. 2008).

Insofar as Huang argues that, out of fear of persecution, she will refrain from proselytizing to the public in China, the agency found that she had not demonstrated that she wished to proselytize in China. Although Huang contests this conclusion, she concedes that her testimony on the issue was inconsistent. Accordingly, the agency's determination that she presented insufficient evidence that she would be proselytize to the public is supported by substantial evidence. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (citation omitted)).

Because Huang failed to demonstrate that her fear of future persecution was objectively reasonable, the agency did not err in denying asylum and withholding of removal. *See Hongsheng Leng, 528 F.3d at 142-43.*

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk